A93A0688. GEORGIA SUBSEQUENT INJURY
TRUST FUND v. BOTTLE WAREHOUSE, INC. et al.
(433 SE2d 84)

McMURRAY, Presiding Judge.

This is a workers' compensation case concerning the payment of dependency benefits to the appellant Georgia Subsequent Injury Trust Fund pursuant to OCGA § 34-9-358. The last sentence of OCGA § 34-9-358 (a) provides that: "Each insurer or self-insurer who in a compensable fatal case finds no dependents qualifying to receive dependency benefits shall pay into this fund *one-half of the benefits* which would have been payable to a dependent or dependents if one or more existed, or *$10,000.00,* whichever is less." (Emphasis supplied.) In this case, no qualified dependents have filed a claim for workers' compensation benefits within the one-year period provided by law. No dependents of the deceased employee were found in the United States. The deceased was an Ethiopian national who had sent money to his parents in that country, although they were not shown to be his dependents.

The administrative law judge ordered the appellees, Bottle Warehouse, Inc. and Liberty Mutual Insurance Company, to deposit $10,000 in the Subsequent Injury Trust Fund. Appellees argued that OCGA § 34-9-358 (a) must be construed together with OCGA § 34-9-265 (b) (5) which limits the award to non-citizen and non-resident dependents to $1,000. See *Barge-Wagener Constr. Co. v. Morales,* 263 Ga. 190 (429 SE2d 671). The full board found that "if employee had any dependents, they would be in Ethiopia" and ordered the deposit of $500. *Held:*

The board's analysis is directed to the probable location of any actual unknown dependents. However, as argued by appellees, whether or not actual dependents existed is irrelevant.

To the extent that OCGA § 34-9-358 (a) requires computations to be made based on a "hypothetical" dependent, we fail to understand why it should be presumed that such dependents of alien workers are non-resident aliens. Certainly, such a presumption is not directed by the statute and no evidence was presented demonstrating the accuracy of such a generalization in the real world.

In the absence of dependents who are "not citizens or residents of the United States or the Dominion of Canada at the time of the accident," the limitation on compensation contained in OCGA § 34-9-265 (b) (5) is not applicable. As no evidence establishing the relevance of this statutory provision was presented, the superior court erred in affirming the decision of the full board which applied the statute so as to reduce the award to appellant.

*Judgment reversed. Beasley, P. J., and Cooper, J., concur.*

DECIDED JUNE 10, 1993 —
RECONSIDERATION DENIED JUNE 28, 1993 — 

*Michael J. Bowers, Attorney General, Jeffrey L. Milsteen, Senior Assistant Attorney General, K. Prabhaker Reddy, Assistant Attorney General*, for appellant.
*Hines & Head, Myrick C. Shinall*, for appellees.